**In re Richard H. MAGUIRE and Dolores Maguire, Debtors.**

**Bankruptcy No. 91–03728–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 30, 1992.

D. Turner Matthews, Bradenton, FL, for debtors.

John D. Goldsmith, Tampa, FL, for Attorney's Title Ins. Fund, Inc.

Richard Malchon, Jr., Tampa, FL, for Sun Bank.

## ORDER ON OBJECTION TO ALLOWANCE OF A CLAIM FILED BY ATTORNEY'S TITLE INSURANCE FUND AND MOTION FOR RECONSIDERATION OF ORDER REGARDING ATTORNEY'S TITLE'S MOTION TO FILE UNSECURED CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is an Objection filed by Sun Bank, N.A. To Allowance Of A Claim filed by Attorney's Title Insurance Fund (Attorney's Title). The Objection to this claim is based on the contention that the claim is time barred. The Objection was filed on August 27, 1992, two months after the Order confirming the Plan was entered. Also under consideration is a Motion for Reconsideration filed by Attorney's Title regarding this Court's Order Denying the Motion for Reconsideration of Order Denying Attorney's Title's Motion for Leave to File an Unsecured Claim. In order to put the controversy in

the proper posture, a brief recitation of the procedural background of this Chapter 11 case should be helpful.

The Petition for Relief under Chapter 11 of the Bankruptcy Code was filed by Richard and Dolores Maguire (Debtors) on March 25, 1991. On April 25, 1991, Financial Federal Savings & Loan (Financial Federal) filed a Proof of Claim in the amount of $134,506.76. The claim was filed as a secured claim. At no time did Financial Federal amend the claim indicating that it intended to assert an unsecured claim by bifurcating the claim into secured and unsecured portions. Neither did Financial Federal seek to value the collateral pursuant to § 506 of the Bankruptcy Code.

On September 2, 1992, Financial Federal filed a Notice of Filing of Transfer of a Claim pursuant to F.R.B.P. 3001(e)(2). The Debtors filed their first Amended Disclosure Statement on February 28, 1992, and their first amended Plan of Reorganization on the same date. On March 17, 1992, this Court entered an Order and approved the Disclosure Statement as amended and fixed April 22, 1992 as the bar date to file claims and to cast ballots, and May 4, 1992 as the bar date to file objections to. confirmation. The Order scheduled a hearing on confirmation for May 12, 1992. The matrix filed with the Clerk of the Court certified that the notice of the bar date to creditors was sent to Financial Federal, and also to counsel for the transferee of the claim, Attorney's Title, in care of John D. Goldsmith, Esq. (Goldsmith).

The Amended Plan filed by the Debtors which was sent to creditors made no provision whatsoever for the payment of a secured claim filed by Financial Federal. It appears that on August 19, 1992, this Court heard oral argument by counsel for Attorney's Title seeking to overturn the Order of Confirmation of the Plan and sought leave to file an unsecured Proof of Claim and to reopen voting on the Plan. The transcript, which is part of the record, reveals that the Order entered by this Court accompanied by a matrix was mailed to all parties whose name appeared on the matrix including Attorney's Title, c/o Goldsmith. The matrix in this Chapter 11 case leaves no doubt that Goldsmith received the Notice filed on March 5, 1992 cancelling the March 17, 1992 hearing on Motion to Dismiss or to Convert. Equally, Goldsmith was mailed a copy of the Order approving the Disclosure Statement and fixing the respective bar dates. Nevertheless, Goldsmith still did not seek a determination of the status of the claim acquired from Financial Federal, the claim which was filed only as a secured claim. The unsecured creditors, in reliance on a prospective distribution to unsecured creditors, voted for the Plan and based on their acceptance, the Plan has been confirmed.

This is the procedural background against which Attorney's Title now seeks to upset the confirmed Plan by obtaining permission to file an unsecured claim in the amount of $191,288.30. The claim is based on an alleged misrepresentation of the Debtors' assignment of a mortgage. First, it is clear that the claim sought to be recognized by Attorney's Title is merely derivative, a claim acquired by Attorney's Title from Financial Federal by assignment. Since Financial Federal's claim was filed as a secured claim, and Financial Federal never sought valuation of its collateral, if it had any, and its claim was not filed as a bifurcated claim, all Attorney's Title acquired was the secured claim of Financial Federal. It is elementary that the assignor gives to an assignee no more nor less than the assignor had and the assignment certainly did not change the character of the claim filed by Financial Federal.

Next, there is hardly any question that if the Motion of Attorney's Title is granted, this Court will be compelled to unwind the entire confirmation process and the vested rights of the unsecured creditors who supported the Plan will be materially impacted. This is so because if the $200,000.00 claim of Attorney's Title is recognized and is permitted to share in the distribution of funds, the distribution to unsecured creditors who timely filed their claims will be radically reduced. It is highly unlikely that the unsecured creditors who timely filed their claims would have voted for the Debtors' Plan had they known that a $200,000

claim was included in a class of unsecured creditors and was to be paid under the Plan.

Moreover, there is no question that Attorney's Title is guilty of laches and it would be patently unfair to dismantle or destroy the confirmation process now for the benefit of Attorney's Title and start anew. Even though Attorney's Title basically has an unsecured claim, it is way too late to file one at this late stage of this Chapter 11 case. For the reasons stated, the Objection of Sun Bank is well taken and the Motion of Attorney's Title for Reconsideration regarding its Motion for Leave to File an Unsecured Claim should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection by Sun Bank to the Allowance of a Claim by Attorney's Title is sustained, and the claim of Attorney's Title is disallowed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration is hereby denied.

DONE AND ORDERED.